# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**Chambers of**
**Michael A. Hammer**
United States Magistrate Judge

Martin Luther King Jr, Federal Bldg.
& U.S. Courthouse
50 Walnut Street, Room 2042
Newark, NJ 07102
(973) 776-7858

July 15, 2013

## LETTER OPINION & ORDER

Elijah Muhammad, pro se plaintiff
520 Dr. M.L. King Blvd. #414
East Orange, NJ 07017

    RE:    **Elijah Muhammad v. Sills Cummis & Gross, et al.**
              **Civil Action No. 13-1680 (JLL)**

Dear Litigants:

Presently before the Court is plaintiff's March 14, 2013, application for pro bono counsel under 28 U.S.C. § 1915(e)(1). Appl. for Pro Bono Counsel, Mar. 14, 2013, ECF No. 2. For the reasons set forth below, plaintiff's request is denied.

### Background

On March 14, 2013, plaintiff filed a Complaint against his former employer Sills Cummis & Gross alleging age discrimination.[1] Compl. Mar. 14, 2013, ECF No. 1. On April 18, 2013, plaintiff filed an amended complaint to include individuals James A. Scaduto and Bruce Reinhart as co-defendants (collectively with Sills Cummis, "defendants"). Am. Compl., Apr. 18, 2013, ECF No. 7. Plaintiff alleges that defendants discriminated against him, and laid him off due to his age. See id. at 1.

---

[1] In his in forma pauperis ("IFP") application, which was filed on March 14, 2013, plaintiff indicates that he is fifty-six (56) years old. See IFP Appl. at Question 13, Mar. 14, 2013, ECF No. 1-2 at 5. Plaintiff also claims that he was laid off on September 19, 2011. See id. at Question 2, ECF No. 1-2 at 2. Thus, it appears that plaintiff was at least fifty-four (54) years old at the time his employer relieved him of his job.

1

Plaintiff filed an application to proceed in forma pauperis ("IFP") on March 14, 2013. IFP Appl., Mar. 14, 2013, ECF No. 1-2. On that same date, plaintiff filed the instant application for the appointment of pro bono counsel. Appl. for Pro Bono Counsel, Mar. 14, 2013, ECF No. 2. The Court granted plaintiff IFP status on March 26, 2013. Order, Mar. 26, 2013, ECF No. 3.

**Discussion**

In civil cases, neither the Constitution nor any statute gives civil litigants the right to appointed counsel. Parham v. Johnson, 126 F.3d 454, 456–57 (3d Cir. 1997). District courts, however, have broad discretion to determine whether appointment of counsel is appropriate under 28 U.S.C. § 1915(e). Montgomery v. Pinchack, 294 F.3d 492, 498 (3d Cir. 2002) (citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993)). Appointment of counsel may be made at any point in the litigation, including sua sponte by the Court. Montgomery, 294 F.3d at 498 (citing Tabron, 6 F.3d at 156).

In the Third Circuit, the Court considers the framework established in Tabron, 6 F.3d at 155–57. Under the Tabron framework, the Court must first assess "whether the claimant's case has some arguable merit in fact and law." Montgomery, 294 F.3d at 499 (citing Tabron, 6 F.3d at 155). If the applicant's claim has some merit, the Court considers the following factors:

> (1) the plaintiff's ability to present his or her own case;
> (2) the complexity of the legal issues;
> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
> (4) the amount a case is likely to turn on credibility determinations;
> (5) whether the case will require the testimony of expert witnesses;
> (6) whether the plaintiff can attain and afford counsel on his own behalf.

Parham, 126 F.3d at 457–58 (citing Tabron, 6 F.3d at 155–56, 157 n.5). This list is not exhaustive, but it provides guideposts for the Court. Montgomery, 294 F.3d at 499 (citing Parham, 126 F.3d at 457). A court's decision to appoint counsel "must be made on a case-by-case basis." Tabron, 6 F.3d at 157–58. Also, the Third Circuit Court of Appeals has stated that "courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." Montgomery, 294 F.3d at 499 (citing Parham, 126 F.3d at 458). Here, with respect to the first Tabron prong, the Court assumes that plaintiff's claim has merit for purposes of this application. Nevertheless, consideration of the Tabron factors does not demonstrate that appointment of counsel is warranted at this time.

Assuming the first prong of the Tabron test is satisfied for purposes of this application, the second prong requires the Court to examine the six Tabron sub-factors. Tabron, 6 F.3d at 155–56. First, plaintiff has not demonstrated that he will be unable to present his case. When considering a plaintiff's ability to present a case, courts generally consider a plaintiff's

"education, literacy, prior work experience, and prior litigation experience." Tabron, 6 F.3d at 156. If a plaintiff is incarcerated, courts also consider restraints in place by virtue of the confinement. Id. Here, plaintiff is not incarcerated. While plaintiff does not offer any specific information about his education, his IFP application states that he attended high school and one (1) year of college. IFP Appl. at Question 13, ECF No. 1-2 at 5. Further, plaintiff's cogent submissions indicate that he can request relief and express a basis for that relief, and he confirms that he speaks English. Appl. for Pro Bono Counsel at Question 5, ECF No. 2. In addition, plaintiff provides no explanation or clarification as to why he would be unable to present his case. Accordingly, this factor does not favor appointment of counsel.

Second, plaintiff's claims do not involve complex legal issues. Complexity supports appointment "where the law is not clear, [as] it will often best serve the ends of justice to have both sides of a difficult legal issue presented by those trained in legal analysis." Tabron, 6 F.3d at 156 (quoting Macklin v. Freake, 650 F.2d 885, 889 (7th Cir. 1981)); accord Montgomery, 294 F.3d at 502. Courts also consider "the proof going towards the ultimate issue and the discovery issues involved." Parham, 126 F.3d at 459; see also Montgomery, 294 F.3d at 502–03 (finding appointment appropriate when, despite simple legal issues, discovery and presentation difficulties compromised plaintiff's case). Here, appointment of counsel is not warranted because plaintiff's factual claims are easy to understand, and the legal issues involved are relatively straightforward. See Bondarenko v. Hackensack Univ. Med. Ctr., No. 07-3753, 2009 WL 2905373, at *3 (D.N.J. Sept. 4, 2009). At this stage of the litigation, the complexity of the legal issues are not yet apparent. See, e.g., Pressley v. E. Dist. Precinct, Civ. No. 09-3215, 2010 WL 988722, at *1 n.3 (D.N.J. Mar. 15, 2010). Plaintiff alleges employment discrimination against a former employer; specifically, plaintiff alleges that defendants relieved him of his job because of his age, and replaced him with a younger, less experienced employee. Am. Compl., ECF No. 7 at 1. However, there is no indication that his claim presents a complex legal issue. That is, it does not appear that plaintiff's legal issue is beyond his comprehension or analytical capacity. Indeed, plaintiff provides no explanation in his pro bono application as to why his claims contain complex legal issues. Accordingly, the second Tabron factor weighs against plaintiff because it does not appear, at this time, that his claims present complex legal issues.

Third, there is no indication that plaintiff lacks the ability to conduct a factual investigation without the assistance of counsel. Plaintiff is not incarcerated and nothing suggests that discovery in this case would be complicated or unduly burdensome. Cf. Tabron, 6 F.3d at 156 (considering the extent that confined parties may face problem when confronted with extensive discovery and compliance with complex discovery rules). If this case proceeds, plaintiff will have access to the discovery tools in the Federal Rules of Civil Procedure to investigate his claims as well as any defenses or counterclaims. See Fed. R. Civ. P. 26. Additionally, plaintiff provides no explanation in his pro bono application describing why he lacks the ability to conduct factual discovery on his own. Thus, the third Tabron factor also weighs against appointment of counsel.

Fourth, it is premature for the Court to conclude that this case will turn on credibility determinations. Because "it is difficult to imagine" a case where credibility is not important, the Court of Appeals for the Third Circuit has specified that "when considering this factor, courts should determine whether the case [is] solely a swearing contest." Parham, 126 F.3d at 460. Here, nothing in plaintiff's age discrimination claims indicates that this case will be "solely" a swearing contest. Accordingly, the fourth Tabron factor also weighs against appointment.

Fifth, there is no indication this case will require expert testimony, and thus the fifth Tabron factor does not favor appointment.

Sixth, plaintiff's assertions regarding his capacity to retain counsel are insufficient to tilt the sixth Tabron factor in his favor. The Court granted plaintiff IFP status, but he has not described any efforts to obtain counsel on his own. Plaintiff only states, "I did not get any respondents when I sent out my [query] letters." Appl. for Pro Bono Counsel at Question 4, ECF No. 2. Such an assertion, absent a more detailed explanation as to plaintiff's efforts to obtain counsel, does not tip the sixth Tabron factor in favor of appointing counsel for plaintiff. Accordingly, this factor does not favor appointment. See Parham, 126 F.3d at 461 (stating that there was no evidence plaintiff could have afforded counsel and that he made every effort possible to obtain counsel). But even to the extent that plaintiff has shown himself to be indigent for purposes of the sixth Tabron factor, that showing alone does not support appointment of pro bono counsel. See Clinton v. Jersey City Police Dep't, Civ. No. 07-5686, 2009 WL 2230938, at *1 n.4 (D.N.J. July 24, 2009) ("While indigence is a prerequisite for the appointment of counsel, indigence alone does not warrant appointment of counsel absent satisfying other Tabron factors.").

## Conclusion

A balancing of the factors set forth above does not weigh in favor of granting plaintiff's request for counsel at this time. Therefore, plaintiff's application for the appointment of pro bono counsel [ECF No. 2] is denied.

**So Ordered**,

s/*Michael A. Hammer*
UNITED STATES MAGISTRATE JUDGE