NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELIJAH MUHAMMAD,<br><br>Plaintiff,<br><br>v.<br><br>SILLS, CUMMIS & GROSS,<br><br>Defendant. | Civil Action No. 13-1680 (JLL)<br><br>OPINION |

**LINARES,** District Judge.

Plaintiff Elijah Muhammad is a former employee of Defendant, the law firm of Sills, Cummis & Gross (hereinafter "Sills Cummis"). Plaintiff claims that Sills Cummis terminated his employment and redistributed his duties to employees significantly younger than him in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, et seq. Defendant Sills Cummis has filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. The Court has considered the submissions made in support of and in opposition to the instant motion. No oral argument was heard. Fed. R. Civ. P. 78. Based on the reasons that follow, Defendant's motion [Docket Entry No. 42] is **granted.**

BACKGROUND

The Court begins by noting that Defendant has submitted a Statement of Undisputed Facts, as required by Local Civil Rule 56.1 ("Def. 56.1 Stmt."). Each of Defendant's undisputed material facts contains citations to evidence contained in the record. In opposition to

1

Defendant's motion, Plaintiff has failed to file a proper responsive 56.1 Statement. Plaintiff's failure to file a responsive 56.1 Statement violates Local Civil Rule 56.1 which requires:

> The opponent of summary judgment shall furnish, with its opposition papers, a responsive statement of material facts, addressing each paragraph of the movant's statement, indicating agreement or disagreement and, if not agreed, stating each material fact in dispute and citing to the affidavits and other documents submitted in connection with the motion; any material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion.

L. Civ. R. 56.1. Thus, the local rule requires that the opponent of a summary judgment motion provide: (a) a clear indication of "agreement or disagreement" as to each statement of undisputed fact listed by the movant, and (b) if "disagreement," then a statement of each material fact in dispute with citation to affidavits and/or other documentation. Plaintiff, who is now represented by counsel, has done neither. Thus, Defendant's undisputed facts "shall be deemed undisputed" for purposes of this motion.[1]

Plaintiff commenced employment with Sills Cummis on November 18, 1987. (Def. 56.1 Stmt., ¶ 1). Throughout his employment at Sills Cummis, Plaintiff worked in the firm's Operations Department. (*Id*., ¶ 2). At the time of his termination, Plaintiff was a clerk in the Operations Department. (*Id*., ¶ 3). His responsibilities included placing orders for supplies, taking inventory or supplies, stocking supplies and delivering supplies. (*Id*., ¶ 3).

---

[1] Although each of Defendant's statements of material fact are thus deemed undisputed for purposes of this motion, this Court has in any event: (1) carefully reviewed the evidence in the record—including but not limited to Plaintiff's deposition transcript and the Statement of Position submitted by the Defendant to the Equal Employment Opportunity Commission in connection with Plaintiff's EEOC charge; (2) considered all facts and their reasonable inferences in the light most favorable to the Plaintiff, the non-moving party; and (3) construed Plaintiff's submissions liberally.

On September 20, 2011, Sills Cummis terminated Plaintiff's employment. (*Id*., ¶ 5). He was informed by his immediate supervisor at the time, Bruce Reinhart, that the firm was eliminating his position to cut back on staff because of business reasons. (*Id*., ¶ 10). At the time of his termination, Plaintiff was 54 years-old. (*Id*., ¶ 6). Two other individuals in the Operations Department were also terminated on the same day—Nasif Harvell and Darnell Pope. (*Id*., ¶ 12). As a result of the foregoing terminations, the number of Operations Clerks employed by the firm was reduced from twelve to nine. (*Id*., ¶ 13). Sills Cummis did not hire anyone to replace Plaintiff or to fill his position. (*Id*., ¶ 14). Other persons within the Operations Department assumed Plaintiff's job duties and responsibilities. (*Id*., ¶ 15).

In light of the foregoing, Plaintiff commenced the instant cause of action in March 2013. The Court has construed Plaintiff's Amended Complaint as asserting an age discrimination claim pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, et seq., as amended ("ADEA"). This Court's jurisdiction over Plaintiff's Amended Complaint is premised on 28 U.S.C. § 1331. Defendant Sills Cummis now moves for summary judgment as to Plaintiff's claim of age discrimination.

## **LEGAL STANDARD**

Summary judgment is appropriate when, drawing all reasonable inferences in the non-movant's favor, there exists no "genuine dispute as to any material fact" and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986).

The moving party is entitled to judgment as a matter of law when the non-moving party fails to make "a sufficient showing on an essential element of her case with respect to which she

has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The Court must, however, consider all facts and their reasonable inferences in the light most favorable to the non-moving party.  *See Pennsylvania Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995).   If a reasonable juror could return a verdict for the non-moving party regarding material disputed factual issues, summary judgment is not appropriate.  *See Anderson*, 477 U.S. at 242-43 ("At the summary judgment stage, the trial judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.").

With this framework in mind, the Court turns now to Defendant's motion.

## **ANALYSIS**

Defendant moves for summary judgment as to Plaintiff's claim of age discrimination under the ADEA. In doing so, Defendant argues that: (1) Plaintiff cannot meet his burden of establishing a *prima facie* claim of age discrimination, and (2) Plaintiff cannot show that Defendant's proffered legitimate non-discriminatory reason for terminating Plaintiff is pretextual.

The burden-shifting framework established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973), applies to Plaintiff's ADEA claim.  *See Monaco v. Am. Gen. Assurance Co.,* 359 F.3d 296, 300 (3d Cir. 2004). Under the *McDonnell Douglas* framework, a plaintiff bears the initial burden of establishing a *prima facie* case of unlawful discrimination. *McDonnell Douglas*, 411 U.S. at 802.  If the plaintiff succeeds in establishing a *prima facie* case, the burden then shifts to the employer to articulate a legitimate, nondiscriminatory reason for the employee's termination.  *Id*.  If the employer is able to

4

articulate such a reason, the plaintiff must then show that the proffered reason was a pretext for a racially discriminatory decision. *Id.* at 804–05.

Thus, in order to establish a *prima facie* case of discrimination, Plaintiff must demonstrate that (1) he is over forty, (2) suffered from an adverse employment decision, (3) is qualified for the position in question, and (4) was ultimately replaced, or that his position was filled by, a younger person "to support an inference of discriminatory animus." *Smith v. City of Allentown*, 589 F.3d 684, 689 (3d Cir. 2009); *Connors v. Chrysler Fin. C*orp., 160 F.3d 971, 974 (3d Cir. 1998).  "[W]here an employee is terminated during a [reduction in force], the fourth element of the prima facie case becomes whether the employer retained employees who do not belong to the protected class." *Tomasso v. Boeing Co.,* 445 F.3d 702, 706 n. 4 (3d Cir. 2006). Stated differently, a person who was terminated as a result of a reduction in force may bring a claim pursuant to the ADEA "as long as the replacement employee was 'substantially younger' than [him or] her." *Williams v. St. Joan of Arc Church*, 226 Fed. Appx. 180, 182 (3d Cir. 2007). "In order for a plaintiff to satisfy the 'sufficiently younger' standard, we have noted that there is no 'particular age difference that must be shown,' but while '[d]ifferent courts have held ... that a five year difference can be sufficient, ... a one year difference cannot.' " *Showalter v. Univ. of Pittsburgh Med. Ctr.*, 190 F.3d 231, 236 (3d Cir. 1999).  The burden of establishing a prima facie case of disparate treatment is not onerous. *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981); *see also Taylor v. Amcor Flexibles, Inc*., 507 F. App'x 231, 233 (3d Cir. 2012).

Here, Plaintiff easily satisfies the first three prongs of his *prima facie* case because: (a) it is undisputed that he was over forty years old when Defendant terminated his employment (Def. 56.1 Stmt., ¶ 6); (b) Plaintiff's termination unquestionably constitutes an adverse employment

action;[2] and (c) there is evidence in the record suggesting that Plaintiff was performing his job in a satisfactory manner in the years leading up to his termination (Roberts Cert., Ex. 3).[3]

As to the fourth factor—whether Plaintiff's position was filled by or whether Defendant retained employees younger than Plaintiff—Plaintiff testified under oath that his duties as office supply clerk were taken over by two individuals, both of whom remained in the Operations Department after Plaintiff's employment was terminated: Ron Majette and Christopher Parson. (Fettweis Ex. 3 at 145:15-147:12). Plaintiff has come forward with evidence establishing that Mr. Majette was born in 1978 (and was thus approximately 22 years younger than Plaintiff) and that Mr. Parsons was born in 1969 (and was thus approximately 13 years younger than Plaintiff). (Roberts Cert., Exs. 4, 5). Although Defendant emphasizes the fact that, of the nine (9) employees retained in the Operations Department, two (2) were *older* than Plaintiff, the evidence in the record also shows that the majority of the employees retained by Defendant in the Operations Department were sufficiently *younger* than Plaintiff, thus creating an inference of age discrimination. *See* Fettweis Decl., Ex. 6 (Defendant's Answer to Plaintiff's Interrogatory No. 1); *see generally Showalter,* 190 F.3d at 236. In light of the foregoing evidence, the Court finds that Plaintiff has met his initial burden of establishing a *prima facie* case of age discrimination.

Thus, the Court proceeds directly the second part of the *McDonnell Douglas* test. If a plaintiff establishes a *prima facie* case, then the burden shifts to the defendant to rebut the presumption of discrimination by offering evidence that the plaintiff was rejected, or someone else was preferred, for reasons that are legitimate and nondiscriminatory. *Texas Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248, 254 (1981). An employer satisfies its burden of production by

---

[2] *See, e.g., Williams v. St. Joan of Arc Church,* 226 Fed. Appx. 180, 184 (3d Cir. 2007).

[3] Defendant does not dispute this.

introducing evidence which, taken as true, would permit the conclusion that there was a reason for the adverse employment decision that was not discriminatory. *See Fuentes v. Perskie*, 32 F.3d 759, 763 (1994). It is not necessary for the defendant to persuade the court that it was actually motivated by the reason which it offers. *Burdine*, 450 U.S. at 254.

Defendant maintains that Plaintiff's employment was terminated because of its economic need to reduce the workforce. (Def. 56.1 Stmt., ¶ 10); (Roberts Cert., Ex. 6). In particular, Defendant maintains that it made the decision, among other reductions-in-force, to reduce the total number of Operations Clerks it employed and to consolidate the job functions of those it retained. (Roberts Cert., Ex. 6). The Court has thoroughly reviewed the record evidence and finds that Defendant has met its burden of articulating a legitimate reason for terminating Plaintiff's employment. *See, e.g., Kenney v. Footlocker Worldwide*, 55 Fed. Appx. 35, 37 (3d Cir. 2002) ("We will not second-guess a business entity's managerial determination that a reduction-in-force was an economic reality.").

After the defendant has stated a legitimate, nondiscriminatory reason for the adverse employment action, the plaintiff may defeat a motion for summary judgment by satisfying at least one of the two prongs articulated in *Fuentes*:

> [T]he plaintiff must point to some evidence, direct or circumstantial, from which the fact-finder could reasonably either (1) disbelieve the employers articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action.

*Fuentes*, 32 F.3d at 764. A plaintiff must submit evidence from which a reasonable fact-finder could discredit the employer's articulated reason for the adverse employment action in order to overcome summary judgment and bring his case to trial. To discredit the employer's articulated reason, the plaintiff does not need to produce evidence that necessarily leads to the conclusion

7

that the employer acted for discriminatory reasons, *Sempier v. Johnson & Higgins*, 45 F.3d 724, 728 (3d Cir. 1995), nor produce additional evidence beyond his prima facie case. *Fuentes*, 32 F.3d at 764. Rather a plaintiff must demonstrate such:

> weaknesses, implausibilities, inconsistencies, incoherencies [sic], or contradictions in the employer's proffered legitimate reasons [such] that a reasonable factfinder could rationally find them "unworthy of credence" and hence infer that the proffered nondiscriminatory reason "did not actually motivate" the employer's action.

*Simpson v. Kay Jewelers, Inc.,* 142 F.3d 639, 644 (3d Cir. 1998) (internal citations omitted).

As to the first prong, the Court is not concerned with whether the employer made the best business decision, rather the Court's focus is on whether the real reason for the adverse result suffered by the plaintiff is discrimination. *Keller v. Orix Credit Alliance*, 130 F.3d 1101, 1109 (3d Cir. 1997). The court shall not analyze the subjective business decisions of the employer, nor set its own employment standards for the employer, unless there is evidence of discrimination. *Ezold v. Wolf, Block, Schorr, and Solis–Cohen*, 983 F.2d 509, 527 (3d Cir. 1992). "Furthermore, the court should not examine the issue of whether the employee has skills in an area other than that identified by the employer as the basis for [the decision], because the court would then be impermissibly substituting its own business judgment for that of the employer." *Moorer v. Verizon Commc'ns*, No. 03–1265, 2005 WL 2807140, at *9 (W.D.Pa. Oct. 27, 2005), *aff'd*, 211 F. App'x 98 (3d Cir. 2006).

Here, Plaintiff fails to identify any "weaknesses, implausibilities, inconsistencies, incoherencies [sic], or contradictions in the [Defendants's] proffered legitimate reasons." *Simpson*, 142 F.3d at 644. To the contrary, the Court has reviewed the record evidence and finds that it is clear that the Defendant has consistently articulated its reasoning for terminating

Plaintiff, namely that it made the decision, among other reductions-in-force, to reduce the total number of Operations Clerks it employed and to consolidate the job functions of those it retained. (Roberts Cert., Ex. 6). The following facts are not only *undisputed* (as discussed above), but are also substantiated by evidence contained in the record: (1) Plaintiff's position was eliminated for business reasons (Def. 56.1 Stmt., ¶ 10);[4] (2) two other individuals in the Operations Department—both of whom were substantially younger than Plaintiff—were also terminated on the same day (*Id.*, ¶ 12);[5] (3) as a result of the foregoing terminations, the number of Operations Clerks employed by the firm was reduced from twelve to nine (*Id.*, ¶ 13);[6] (4) Sills Cummis did not hire anyone to replace Plaintiff or to fill his position (*Id.*, ¶ 14);[7] and (5) other persons within the Operations Department assumed Plaintiff's job duties and responsibilities (*Id.*, ¶ 15).[8] Plaintiff has also failed to demonstrate that age was more likely than not a motivating or determining cause of his termination, in part, because the other two individuals affected by the Operations Department September 2011 reduction-in-force were under forty years of age.[9] *See, e.g., Kenney v. Footlocker Worldwide*, 55 Fed. Appx. 35, 37 (3d Cir. 2002). Thus, in light of the foregoing undisputed statements of material fact, and the evidence contained in the record, the Court finds that Plaintiff has failed to sufficiently discredit Defendant's nondiscriminatory reason for his termination.

---

[4] Fettweis Decl., Ex. 3 at 20:8-22:14; Roberts Cert., Ex. 6.

[5] Fettweis Decl., Ex. 3 at 16:7-2; Reinhart Decl., Ex. 1.

[6] Fettweis Dec., Ex. 6; Reinhart Decl., Ex. 1.

[7] Fettweis Decl., Ex. 3 at 25:16-26:11; Fettweis Decl., Ex. 6; Reinhart Decl., Ex. 1.

[8] Fettweis Decl., Ex. 3 at 25:16-26:11; Fettweis Decl., Ex. 6; Reinhart Decl., Ex. 1.

[9] Roberts Cert., Ex. 6.

To the extent Plaintiff argues that there is a genuine issue of material fact in dispute as to whether Plaintiff was, in fact, selected for termination based upon the subjective criteria proffered by his supervisor, Mr. Reinhart—namely, comparative job performance, training, experience, and the Operation's Department's continued staffing needs[10]—this Court cannot substitute its own subjective judgment for that of Defendant (or Reinhart) in determining who, out of those employed in the Operations Department, should have been terminated in September 2011. *See Ezold*, 983 F.2d at 513. Nor has Plaintiff presented persuasive comparative evidence that non-members of the protected class were evaluated more favorably. *See id.* ("When an employer relies on its subjective evaluation of the plaintiff's qualifications as the reason for denying promotion, the plaintiff can prove the articulated reason is unworthy of credence by presenting persuasive comparative evidence that non-members of the protected class were evaluated more favorably, i.e., their deficiencies in the same qualification category as the plaintiffs were overlooked for no apparent reason when they were promoted to partner."). Instead, Plaintiff offers nothing more than pure speculation in support of the theory that Defendant's proffered reason for his termination is "not believable." *See, e.g.,* Pl. Opp'n Br. at 19 ("Given that the Plaintiff and the younger retained employees, Parsons and Majette did not have the same job titles and were not even in the same department makes it questionable that a comparable job performance could be completed by Defendant. Defendant is comparing apples and oranges when comparing the job performances of Plaintiff, Parsons and Majette."). Certainly, Plaintiff's subjective belief that Defendant's proffered reason for his termination was "not believable" is insufficient to raise a genuine fact dispute material to determining pretext. *See, e.g., Jones v. Sch. Dist. of Phila.*, 198 F.3d 403, 414 (3d Cir. 1999) (finding that beliefs

---

[10] Reinhart Decl., Ex. 1.

without factual support are insufficient to show a pretext for discrimination); *see also Woythal v. Tex–Tenn Corp.,* 112 F.3d 243, 247 (6th Cir. 1997) ("[M]ere personal belief, conjecture[,] and speculation are insufficient to support an inference of ... discrimination.") (internal quotation marks omitted)).

To the extent Plaintiff would have the Court second-guess Defendant's decision to terminate Plaintiff versus, for example, Mr. Parsons or Mr. Majette (both of whom remained in the Operations Department after Plaintiff's termination and assumed some of Plaintiff's responsibilities), Plaintiff has given the Court no basis—in the form of evidence—on which to reasonably infer that Defendant acted with any discriminatory animus when it selected Plaintiff as one (1) out of the three (3) individuals who would be terminated from the Operations Department in September 2011. *See, e.g., Abramson v. William Paterson College of New Jersey,* 260 F.3d 265, 283 (3d Cir. 2001) ("[I]t is not enough for a plaintiff to show that the employer's decision was wrong or mistaken, because the issue is whether the employer acted with discriminatory animus."); *Goosby v. Johnson & Johnson Med., Inc.,* 228 F.3d 313, 321 (3d Cir. 2000) ("Although courts must be careful not to second-guess an employer's business judgment that it makes in good faith, plaintiff must be allowed to show that her employer's asserted reasons for discharging her were a pretext and that the real reason was [illegal discrimination]."). As stated above, Plaintiff's "subjective belief that the decision to terminate [his] employment was discriminatory is insufficient." *Ekhato v. Rite Aid Corp.*, 529 Fed. Appx. 152, 156 (3d Cir. 2013).

In short, nowhere in his opposition papers does Plaintiff direct the Court to a fact that suggests that the "real reason for the adverse result suffered by the plaintiff is discrimination." *Keller*, 130 F.3d at 1109. Instead, Plaintiff asks this Court to, among other things,

"*impermissibly* substitute [ ] its own business judgment for that of the [Defendant]." *Moorer v. Verizon Commc'ns,* No. 03–1265, 2005 WL 2807140, at *9 (W.D.Pa.Oct.27, 2005), *affd*, 211 F. App'x 98 (3d Cir. 2006). For these reasons, the Court concludes that Plaintiff has not carried his burden of showing "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence." *Simpson,* 142 F.3d at 644. Defendant's motion for summary judgment as to Plaintiff's ADEA claim is therefore granted.

## CONCLUSION

Based on the reasons set forth above, Defendant's motion for summary judgment as to Plaintiff's claim of age discrimination in violation of the ADEA is granted. The Clerk's Office is hereby directed to close the Court's file in this matter.

An appropriate Order accompanies this Opinion.

                                                  s/ Jose L. Linares
                                                  Jose L. Linares
Date:   November 10, 2014                    United States District Judge